UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -x
CRAIG WILLIAMS

        Petitioner,

   -against-                      **ORDER**
                                     Civil Action No.  03-3790

UNITED STATES OF AMERICA,

        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - -x

On May 11, 1994, judgment was entered against Petitioner Craig Williams ("Petitioner")

convicting him of conspiring to commit armed robberies, substantive counts of armed robbery,

counts of using and carrying a firearm during a crime of violence and assault and attempted

murder of a member of the New York City Police Department/Federal Bureau of Investigation

Joint Armed Bank Robbery Task Force.  Petitioner was sentenced to more than 160 years

incarceration.  On appeal, his conviction was affirmed.  *See United States v. Williams,* 101 F.3d

683 (2d Cir. 1996).

On July 31, 2003, Petitioner  moved pursuant to 28 U.S.C. § 2255 to vacate, set aside or

correct his sentence arising from his 1994 conviction.  By Order dated October 17, 2003, this

Court dismissed the § 2255 motion as untimely.  Thereafter Petitioner moved to alter the

judgment entered pursuant to the Court's October 17, 2003 Order.  The motion to alter the

judgment was denied by Order dated December 5, 2003.  Petitioner appealed and requested the

issuance of a certificate of appealability.  On May 20, 2004, the Second Circuit denied the

request for a certificate of appealability, stating that the § 2255 motion was untimely filed, and

dismissed the appeal.

Presently before the Court is Petitioner's "motion to vacate the judgment denying the 28 U.S.C. 2255 motion" (docket nos. 13, 14, and 15, as supplemented by docket no. 17 ). The motion seeks to add claims to the original petition. The motion is DENIED. As set forth above, the Second Circuit has confirmed that Petitioner's § 2255 motion was untimely. Also, to the extent the Petitioner is now seeking to assert a claim pursuant to *United States v. Booker*, 543 U.S. 220 (2005), *Booker* does not apply retroactively to cases on collateral review. *See Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005).

**SO ORDERED**

Dated:  Central Islip, New York
        May 3, 2007

                                                    /s/
                                                    Denis R. Hurley
                                                    Senior District Judge